Gretchen M. Nelson (112566)
gnelson@nflawfirm.com
Gabriel S. Barenfeld (224146)
gbarenfeld@nflawfirm.com
NELSON & FRAENKEL LLP
601 So. Figueroa Street, Suite 2050
Los Angeles, CA 90017
Telephone:  213-622-6469
Telecopier: 213-622-6019

Robert D. Epstein (Pro Hac Vice To Be Filed)
rdepstein@aol.com
Joseph A. Beutel (Pro Hac Vice To Be Filed)
joe@beutellaw.com
EPSTEIN SEIF PORTER & BEUTEL
50 S. Meridian St., Suite 505
Indianapolis, IN 46204-3530
Telephone: 317-639-1326

James A. Tanford, (Pro Hac Vice To Be Filed)
tanford@indiana.edu
EPSTEIN SEIF PORTER & BEUTEL
50 S. Meridian St., Suite 505
Indianapolis, IN 46204-3530
Telephone: 812-332-4966
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| DWINELL, LLC, a Washington limited liability corporation; BUCKEL FAMILY WINE LLC<br><br>Plaintiffs,<br><br>v.<br><br>JOSEPH McCULLOUGH, DIRECTOR OF CALIFORNIA DEPARTMENT OF BEVERAGE CONTROL; ROB BONTA, ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>Defendants. | **Case No.** 2:23-CV-10029<br><br>**COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1983**<br><br>**(COMMERCE CLAUSE)**<br><br>**JURY TRIAL DEMANDED** |

Plaintiffs DWINELL, LLC and BUCKEL FAMILY WINE LLC allege as follows:

## INTRODUCTION

1.      This is a civil rights action brought pursuant to 42 U.S.C. § 1983 challenging the constitutionality of one feature of California's alcoholic beverage regulatory system that discriminates against interstate commerce. California prohibits out-of-state wineries from self-distributing their wine directly to California retailers while allowing in-state wineries to do so. Only those wineries with facilities located within the state can distribute their wine directly to retailers without going through a separate wholesaler. This difference in treatment between in-state and out-of-state businesses violates the Commerce Clause because it discriminates against out-of-state wineries and protects the economic interests of in-state wineries and wholesalers. This different treatment is not justified by the Twenty-first Amendment because it is not reasonably necessary to protect public health and safety. Plaintiffs seek a declaratory judgment that California's laws and practices that prohibit out-of-state wineries from engaging in the same self-distribution activities as in-state wineries is unconstitutional and a permanent injunction barring the defendants from enforcing it.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343(a)(3), which confer original jurisdiction on federal district courts to hear suits alleging the violation of rights and privileges under the United States Constitution and laws.

3.      The Court is also empowered to grant declaratory relief and related relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1983

4.     Venue is proper in this district under 28 U.S.C. § 1391 because Defendants maintain offices in Los Angeles County and a substantial part of the events giving rise to Plaintiffs' claims occurred in the Central District of California.

## PARTIES

5.     Plaintiff Dwinell LLC, d/b/a Dwinell Country Wines (hereafter "Dwinell") is a winegrower operating a winery in Goldendale, Washington. It is licensed by the State of Washington and the Federal Alcohol and Tobacco Tax and Trade Bureau. It sells wine to consumers, restaurants, wine bars and retail stores.

6.     Plaintiff Buckel Family Wine LLC (hereafter "Buckel") is a winegrower operating a winery in Gunnison, Colorado.  It is licensed by the state of Colorado and the Federal Alcohol and Tobacco Tax and Trade Bureau.  It trades wine to consumers, restaurants, wine bars and retail stores.

7.     Defendant Joseph McCullough is the Director of the California Department of Alcoholic Beverage Control. His department has responsibility for enforcing California's Alcoholic Beverage laws, including the ones being challenged in this case.

8.     The main offices of the Department of Alcoholic Beverage Control are located in Sacramento, California and Cerritos, California.

9.     Defendant Rob Bonta is the Attorney General of California. He is authorized to enforce California's Alcoholic Beverage laws against out-of-state entities in federal court, pursuant to 27 U.S.C. § 122a.

10.     The defendants are sued in their official capacities for declarative and injunctive relief.

## FACTUAL ALLEGATIONS

11.     Wineries physically located in California may obtain a Type 2 Winegrower license pursuant to Cal. Bus. & Prof. Code §§ 23013 & 23358.

12.    Defendants interpret and apply Cal. Bus. & Prof. Code §§ 23013 & 23358 as requiring a winery to have facilities and winemaking equipment in California in order to qualify for Winegrower license.

13.    A Winegrower license authorizes the winery to sell its wine directly to any California retailer holding a license authorizing it to sell wine to consumers.

14.    California retailers authorized to sell wine to consumers include retail stores, restaurants, bars, taverns, private clubs and a variety of specialty vendors.

15.    A licensed Winegrower located in California is not required to use a wholesaler to distribute its wine to California retailers.

16.    Some California wineries have exercised this self-distribution privilege to sell their wine to retailers without going through a separate wholesaler.

17.    Plaintiff Dwinell is located in the State of Washington and it has no physical facilities or warehouse in California.

18.    Plaintiff Buckel Family Wine LLC is located in Gunnison, Colorado and it has no physical facilities or warehouse in California.

19.    Defendants will not issue a Winegrower license to an out-of-state winery that has no physical facilities in the state.

20.    Without a license, it is unlawful for Plaintiffs Dwinell and Buckel and other out-of-state wineries to sell their products directly to California retailers.

21.    An out-of-state winery must use a separate California importer-wholesaler to distribute its wine to California retailers.

22.    The use of a separate importer-wholesaler adds to the cost of the wine.

22.    A non-California winery must either discount the price to the importer-wholesaler or pass on the added cost to the California retail purchaser.

23.    Discounting the price to the importer-wholesaler reduces the out-of-state winery's profits.

24.    Passing on the added costs raises the final price to the consumer and makes the wine less competitive.

4
COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1983

25.    Direct self-distribution gives the winery greater control over the cost and delivery schedule to retailers.

26.    Direct self-distribution gives a winery the opportunity to sell its wines to California retailers even if it cannot find a wholesaler willing to carry its products.

27.    California is the largest market for wine in the United States.

28.    Los Angeles county has the second largest population in the United States.

29.    Most wine is purchased by consumers in person at retailers.

30.    Many consumers include the price of wine among the factors that influence what wine they buy.

31.    A winery that can self-distribute its wine to California retailers without the added cost of using a wholesaler has a competitive advantage.

32.    Plaintiffs want the opportunity to sell their wines directly to California retailers in Los Angeles and other areas of California in order to fairly compete in the market.

33.    Plaintiffs have no business reason to establish physical premises in California and cannot afford to create additional facilities in California merely to comply with the physical-presence requirement to obtain a Winegrower license. The cost of building and maintaining a second location would add to the cost of its wine compared to distributing it from Washington, which would make it less competitive.

34.    The wine Plaintiffs produce is subject to regulation, inspection and approval by Washington state officials and the federal Tax and Trade Bureau.

35.    A physical presence requirement as a prerequisite to selling wine in the state is unconstitutional under *Granholm v. Heald*, 544 U.S. 460 (2005).

36.    A residency requirement as a prerequisite to obtaining a Winegrower license is unconstitutional under *Tennessee Wine Retailers Assoc. v. Thomas*, 588 U.S. ___, 139 S.Ct. 2449 (2019).

5
COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1983

37.    California's requirement that an out-of-state winery must uses a California importer-wholesaler to distribute its wines serves no legitimate public health or safety purpose. Its predominant effect is to protect in-state business interests, which is unconstitutional under *Tennessee Wine Retailers Assoc. v. Thomas*, 588 U.S. ___, 139 S.Ct. 2449 (2019).

## <u>COUNT ONE: VIOLATION OF THE 42 U.S.C. § 1983 AS AGAINST ALL DEFENDANTS</u>

38.    Plaintiffs re-state and incorporate all previous paragraphs.

39.    Defendants' interpretation, enforcement and application of California law, Cal. Bus. & Prof. Code §§ 23013 & 23358, as requiring a winery to have facilities and winemaking equipment in California in order to qualify for Winegrower license is unconstitutional in that it serves no legitimate public health or safety purpose.

40.    California law, Cal. Bus. & Prof. Code §§ 23013 & 23358, violates the Commerce Clause of the U.S. Constitution, Article I, Section 8, Clause 3 in that it discriminates against or excessively burdens interstate commerce by favoring California wineries at the expense of non-California wineries conducting business in California.

41.    Plaintiffs seek a declaration and injunctive relief barring Defendants from enforcing and applying California law so as to prohibit non-California wineries, such as Plaintiffs, from selling directly to California retailers.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs request the following relief:

    a.  A judgment declaring that it is unconstitutional for California to require a physical presence in the state as a prerequisite to obtaining a Winegrower license.

    b.  An injunction requiring defendants to issue Winegrower licenses to out-of-state wineries.

c.  Plaintiffs do not request that state officials be enjoined from collecting any tax due on the sale of wine.

d.  An award of costs and expenses, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988.

e.  An order granting all other legal, equitable, injunctive and declaratory relief that the Court finds appropriate.

Dated: November 27, 2023,          Respectfully Submitted,

NELSON & FRAENKEL, LLP

EPSTEIN SEIF PORTER & BEUTEL

*/s/ Gretchen M. Nelson*
Gretchen M. Nelson
*Attorneys for Plaintiffs*

**JURY TRIAL DEMANDED**

Plaintiffs demand a trial by jury on any claim so triable.

Dated: November 27, 2023          Respectfully Submitted,

NELSON & FRAENKEL, LLP

EPSTEIN SEIF PORTER & BEUTEL

*/s/ Gretchen M. Nelson*
Gretchen M. Nelson
*Attorneys for Plaintiffs*

COMPLAINT FOR VIOLATIONS OF 42 U.S.C. § 1983